IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAIRIE FIRE, LLC,<br><br>    Plaintiff – Counter-Defendant,<br><br>v.<br><br>VAN VRAKEN ENTERPRISES, INC.; et al.,<br><br>    Defendants – Counter-Claimants. | Case No.: 13-cv-2772 JSC<br><br>**ORDER TO SHOW CAUSE RE: JURISDICTION** |

    Plaintiff Prairie Fire LLC filed this action on June 17, 2013 alleging claims for breach of contract, promissory estoppel, fraud, and negligent misrepresentation against Defendants Van Franken Enterprises, Inc. and Frank Van Vranken. (Dkt. No. 1 as amended by Dkt. No. 4.) Plaintiff asserts that this Court has jurisdiction over Plaintiff's claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.

    The Court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012)("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented…Subject-matter jurisdiction can never be waived or forfeited") (internal citation omitted). Jurisdiction founded on diversity "requires that the parties be in

complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Further, the party asserting diversity jurisdiction bears the burden of proof. *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)

Here, Plaintiff alleges that Prairie Fire is a limited liability company ("LLC") organized and existing under the laws of the State of Montana, and Defendant Van Vranken Enterprises, Inc. is a California corporation with its principal place of business in California and Defendant Frank Van Vranken is a resident of California. (Dkt. No. 4 ¶¶ 4-6.) Generally, LLC's are "citizen[s] of every state in which [their] owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, citizenship here is dependent on the citizenship of Philip Father and George Goldsmith, the managing partners of Prairie Fire LLC. (Dkt. No. 4 ¶ 12.) However, Plaintiff has failed to include any allegations as to the citizenship of either Mr. Father or Mr. Goldsmith.

Accordingly, Plaintiff is ORDERED to SHOW CAUSE as to the citizenship of Messrs. Father and Goldsmith and any other members or owners of Prairie Fire LLC. Plaintiff shall file a written response to the Court's Order by October 3, 2013. Defendants may file a response to Plaintiff's submission on or before October 10, 2013.

The hearing on Plaintiff's Motion to Dismiss and Motion to Strike (Dkt. Nos. 19 & 20) and the Initial Case Management Conference set for October 3, 2013 are RESCHEDULED to October 31, 2013 at 9:00 a.m. in Courtroom F, 450 Golden Gate Ave. San Francisco, California.

**IT IS SO ORDERED.**

Dated: September 26, 2013

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE