IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAIRIE FIRE, LLC, <br><br> Plaintiff – Counter-Defendant, <br><br> v. <br><br> VAN VRAKEN ENTERPRISES, INC.; et al., <br><br> Defendants – Counter-Claimants. | Case No.: 13-cv-2772 JSC <br><br> **DISMISSAL ORDER** |

Plaintiff Prairie Fire LLC ("Prairie Fire") filed this action on June 17, 2013 alleging claims for breach of contract, promissory estoppel, fraud, and negligent misrepresentation against Defendants Van Franken Enterprises, Inc. and Frank Van Vranken.[1] (Dkt. No. 1 as amended by Dkt. No. 4.) Plaintiff asserted that the Court had jurisdiction over Plaintiff's claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Complaint alleges that Prairie Fire is a limited liability company ("LLC") organized and existing under the laws of the State of Montana, and Defendant Van Vranken Enterprises, Inc. is a California corporation with its principal place of business in California and Defendant Frank Van Vranken is a resident of California. (Dkt. No. 4 ¶¶ 4-6.) However, LLC's are generally

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

"citizen[s] of every state in which [their] owners/members are citizens" and Plaintiff failed to include any allegations regarding the jurisdiction of Prairie Fire's managing partners. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Accordingly, the Court issued an Order to Show Cause regarding subject matter jurisdiction seeking information regarding the citizenship of Messrs. Father and Goldsmith and any other members or owners of Prairie Fire LLC. (Dkt. No. 38.) In response, Plaintiff concedes that Phillip Father, one of the managing partners, is a citizen of California thus depriving the Court of jurisdiction over this action. (Dkt. No. 39.) Plaintiff thus moves for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendants have not responded to the Court's Order or otherwise opposed Plaintiff's request.

Accordingly, the Court hereby DISMISSES this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

**IT IS SO ORDERED.**

Dated: October 21, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

2